**FILED**
**NOVEMBER 19, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM CONROY and NAUREEN COONEY, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF CHICAGO, a municipal corporation,<br><br>    Defendant. | Case Number: **07 C 6537**<br><br>**JUDGE ZAGEL**<br>**MAGISTRATE JUDGE SCHENKIER** |

## COMPLAINT

  Plaintiffs WILLIAM CONROY and NAUREEN COONEY, individually, and on behalf of all others similarly situated, by and through their attorney, MARY ANN POHL, P.C., complain of the Defendant, City of Chicago, as follows:

### PRELIMINARY STATEMENT

  1. This is an action for declaratory judgment for violation of Plaintiffs' rights under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*, brought on behalf of all employees of the City of Chicago Office of Emergency Management and Communications ("OEMC") who hold positions that are not exempt from the overtime provisions of the Fair Labor Standards Act, yet have not been paid at overtime rates for hours worked in excess of 40 hours per week.

  2. Plaintiffs seek declaratory judgment, recovery of monetary damages for unpaid overtime compensation, an additional equal amount as liquidated damages, and payment of reasonable costs and attorney's fees under 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

3. Jurisdiction of this matter is conferred upon this Court by 29 U.S.C. §1331.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as Plaintiffs' claims arose and Defendant has its principal place of business within the geographical boundaries of this Court.

**PARTIES**

5. Plaintiff William Conroy is an employee of the OEMC who holds the position of superintendent of special traffic services.

6. Plaintiff Naureen Cooney is an employee of the OEMC who holds the position of supervisor.

7. Plaintiffs Conroy and Cooney bring this action both individually and on behalf of all employees of the OEMC from November 2004 to the present who have been employed in positions that are not exempt from the overtime provisions of the Fair Labor Standards Act, yet have not been paid at overtime rates for all hours worked in excess of 40 hours per week, including, but not limited to, all employees of the OEMC who have been employed as: superintendent of special traffic services, supervisor, project manager, emergency management coordinator, senior emergency management coordinator, manager of emergency management services, or project administrator ("Plaintiffs").

8. Defendant City of Chicago is an "employer" as defined in 29 U.S.C. §203(d) and is a "public agency" within the meaning of 29 U.S.C. §203(x).

9. Attached hereto as Exhibit A are the consent forms of William Conroy and Naureen Cooney, consenting in writing to become parties to this action.

**FACTS GIVING RISE TO PLAINTIFFS' CLAIMS**

10. At all times relevant hereto, Plaintiffs, as employees of the OEMC, have been entitled to the rights, protections and benefits provided under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, *et seq.* ("FLSA").

11. Defendant, City of Chicago ("City") treats all Plaintiffs as exempt from the time-and-one-half overtime provisions of the FLSA, as provided under 29 U.S.C. §213(a)(1).

12. However, in order to be classified as exempt under the FLSA, an employee must be "employed in a bona fide executive, administrative or professional capacity." *Id.*

13. Plaintiffs employed by the OEMC do not perform duties consistent with employment in a bona fide executive, administrative or professional capacity.

14. Therefore, Plaintiffs are non-exempt under the FLSA and, as such, they are entitled to overtime pay as prescribed by the FLSA.

15. In addition, Department of Labor regulations provide that in order to be classified as exempt under this provision, an employee also must be paid on a "salary basis." 29 C.F.R. §541.602.

16. An employee is considered to be paid on a salary basis under the regulations if "under his employment agreement he regularly receives each pay period on a weekly or less frequent basis a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. §541.602(a).

17. The salary basis test holds, among other things, that, subject to certain exceptions, "an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of hours or days worked." *Id.*

18. "Deductions from pay may be made when an exempt employee is absent from work for one or more full days for personal reasons, other than sickness or disability. . . . However, if an exempt employee is absent for one and a half days for personal reasons, the employer can deduct only for the one full-day absence." 29 C.F.R. §541.602(b)(1).

19. Plaintiffs herein are not paid on a salary basis because, as a matter of official policy and practice, the City maintains the right to dock, and does dock, them for less than a full-day absence from work.

20. Furthermore, pay of exempt employees may not be reduced absent "infractions of safety rules of major significance. Safety rules of major significance include those relating to the prevention of serious danger in the workplace or to other employees, such as rules prohibiting smoking in explosive plants, oil refineries and coal mines." 29 C.F.R. §541.602(b)(4).

21. Plaintiffs herein are not paid on a salary basis because, as a matter of official policy and practice, the City maintains the right to dock, and does dock, them for alleged infractions of rules that are not safety rules of major significance, including, but not limited to, alleged tardiness, alleged discourteous treatment of other City employees or members of the public, and alleged violations of departmental regulations, rules or procedures.

22. These alleged infractions do not involve safety rules of major significance, and yet the City of Chicago docks Plaintiffs for such alleged incidents.

23. Under the FLSA, the City's system of docking Plaintiffs for less than a full-day absence and for alleged infractions of rules that are not safety rules of major significance defeats the salary basis test not only for any Plaintiffs whose pay is docked, but also for all Plaintiffs who are subject to such docking of their pay.

## OEMC OVERTIME POLICIES AND PRACTICES

24.　As a matter of official policy and practice, the City refuses to compensate Plaintiffs for any time worked in excess of 40 hours per week.

25.　The City's pay policies and practices regarding Plaintiffs violate 29 U.S.C. §207(a) to the extent that Plaintiffs do not receive time-and-one-half overtime payments for all hours worked in excess of 40 hours per week.

## DAMAGES DUE TO THE CITY'S FLSA VIOLATIONS

26.　Defendant City knew of the provisions of the FLSA and demonstrated a reckless disregard for said provisions by failing to pay overtime wages to Plaintiffs during their employment with the Defendant.

27.　As a result of said violations of the FLSA by the Defendant, there is now a sum due and owing Plaintiffs.

28.　Records concerning the number of hours worked in excess of 40 hours per week by the Plaintiffs are in the exclusive possession and under the sole custody and control of the Defendant.

29.　Therefore, Plaintiffs are unable to state at this time the exact amount owing to each Plaintiff.

30.　It is necessary for Plaintiffs to have the services of an attorney to institute and prosecute this action against Defendant, City.

WHEREFORE, Plaintiffs WILLIAM CONROY and NAUREEN COONEY, individually, and on behalf of all others similarly situated, respectfully request that this Honorable Court:

a) Enter a declaratory judgment declaring that Defendant City of Chicago has willfully and wrongfully violated Defendant's statutory obligations, and deprived Plaintiffs of their rights, protections and entitlements under the Fair Labor Standards Act;

b) Order a complete and accurate accounting of all the compensation to which Plaintiffs are entitled;

c) Award each Plaintiff monetary damages in the form of overtime compensation at time-and-one-half for all hours worked over 40 hours per week from November 2004 to the present, and liquidated damages equal to their unpaid overtime compensation, plus interest;

d) Award Plaintiffs their reasonable attorney's fees and costs as provided in 29 U.S.C. §216(b); and

e) Grant such further relief as the Court deems just and proper.

Respectfully Submitted,

*s/ Mary Ann Pohl*_____
Mary Ann Pohl

MaryAnn Pohl
MARY ANN POHL, P.C.
77 West Washington, Suite 1507
Chicago, Illinois 60602
312-641-2385

# EXHIBIT A