UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM CONROY and NAUREEN COONEY, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF CHICAGO, a municipal corporation,<br><br>    Defendant. | Case No. 07 C 6537<br><br>Judge Zagel<br>Magistrate Judge Schenkier |

## MOTION TO DISMISS COMPLAINT

Defendant City of Chicago (the "City"), by its attorney Mara S. Georges, Corporation Counsel of the City of Chicago, through Caffarelli & Siegel Ltd., Special Assistants Corporation Counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), moves this Court for an order dismissing with prejudice the Complaint of Plaintiffs William Conroy and Naureen Cooney, brought individually and on behalf of all others similarly situated (collectively the "Plaintiffs"). In support of its Motion to Dismiss, the City incorporates the attached Memorandum of Law in Support of Motion to Dismiss Complaint and states as follows:

    1.    This is an action for declaratory judgment and monetary relief for the City of Chicago's alleged failure to pay overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., to certain employees the City allegedly has classified as exempt from being eligible for overtime under the FLSA. (Compl. at ¶ 7.)

    2.    Plaintiffs allege that the City failed to comply with the FLSA requirements for maintaining such employees as exempt, and therefore "destroyed" the exemption. Specifically, Plaintiffs allege that the City maintained the right to and actually "docked" employees for

absences of less than one day, as well as for disciplinary reasons. (Compl. ¶¶ 19, 21.) Plaintiffs further allege that they "do not perform duties consistent with employment in a bona fide executive, administrative, or professional capacity," which are required to maintain an exemption under the FLSA. (Compl. ¶ 13.)

3. Plaintiffs' Complaint fails in its entirety because their allegations, standing alone, fail to sufficiently state a claim as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6) based upon the new pleading standards set forth by the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), and as expressly adopted and endorsed in the Seventh Circuit by EEOC v. Concentra, 492 F.3d 773 (7th Cir. 2007) and its progeny. Specifically, Plaintiffs fail to articulate any facts which place the City on notice of the basis of their claims, plausibly suggest that they have the right to relief, and raise their right to relief beyond a speculative level.

4. First, Plaintiffs allege only that they were "docked," despite Plaintiffs' demonstrated knowledge elsewhere in the Complaint that the FLSA does not prohibit "docking," but rather that it only prohibits making deductions from pay in order to maintain an overtime exemption. (Compl. ¶¶ 18, 19, 21, 22, 23.) This pleading deficiency is not one of mere semantics – the FLSA does contain any prohibition against "docking." For example, docking an employee's vacation time or other monetary benefits does not render an otherwise exempt employee non-exempt. Baudin v. Courtesy Litho Arts, Inc., 24 F.Supp.2d 887, 891 (N.D. Ill. 1998), citing Hoffmann v. Sbarro, Inc., 982 F.Supp. 249, 259 (S.D.N.Y. 1997). Not once do the Plaintiffs allege that deductions were made from their pay. In the absence of this allegation anywhere in their Complaint, the Plaintiffs' claims that their FLSA exemptions were destroyed (thus purportedly entitling them to overtime payments) must fail.

5. Plaintiffs further allege that they should not have been docked because they allegedly did not commit "infractions involv[ing] safety rules of major significance." (Compl. ¶ 21.) Without identifying any of the alleged safety violations for which the Plaintiffs were actually docked and without making any allegations as to why the infractions purportedly were insignificant, the City does not have any adequate means of responding to these allegations. It is likewise unclear as to whether Plaintiffs concede that they committed minor infractions or whether they are alleging that they never committed any infractions at all.

6. Moreover, although Plaintiffs make the conclusory, blanket allegation that managers, supervisors, and other upper-level city employees working for the Office of Emergency Management and Communications ("OEMC") are non-exempt because they allegedly do not perform duties "consistent" with exempt positions, they fail to identify their primary duties, any of the purportedly non-exempt duties that they perform, or the time spent doing either one. Significantly, the performance of non-exempt duties alone does not necessarily destroy an otherwise valid exemption. See 29 C.F.R. § 541.700 (explaining "primary duty" test). In the absence of even the slightest indication of which job duties purportedly did not meet the "job duties" tests of any of the FLSA's "white collar" exemptions and the time allegedly spent doing them, it is not possible for the City to investigate and respond to such claims.

WHEREFORE, for the reasons above, as well as those discussed in the accompanying Memorandum of Law, the City of Chicago respectfully moves this Court for an order dismissing

the Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6), with prejudice.

          Respectfully Submitted,

          MARA S. GEORGES
          Corporation Counsel City of Chicago

By:   /s   Alejandro Caffarelli
      ALEJANDRO CAFFARELLI
      Special Assistants Corporation Counsel

180 N. Stetson Avenue, Suite 3150
Chicago, IL 60601
(312) 540-1230

4

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that he caused a copy of the attached, Motion to Dismiss Complaint and Memorandum of Law in Support of Motion to Dismiss Complaint, to be served upon the parties below by electronically filing with the Clerk of the U.S. District Court of the Northern District of Illinois on January 17, 2008.

Mary Ann Pohl, Esq.
Mary Ann Pohl, P.C.
77 W. Washington, Ste. 1507
Chicago, IL 60602

Paul D. Geiger, Esq.
Law Offices of Paul D. Geiger
1412 W. Washington Blvd.
Chicago, IL 60607

Courtesy copies delivered to chambers of Judge Zagel on same day via hand delivery.

/s/ Alejandro Caffarelli
Alejandro Caffarelli
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 N. Stetson, Suite 3150
Chicago, IL 60601
