**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| WILLIAM CONROY and NAUREEN COONEY, individually, and on behalf of all others similarly situated,  )<br>  )<br>  )<br>  )<br>Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>CITY OF CHICAGO, a municipal corporation,  )<br>  )<br>  )<br>Defendant.  )  | Case No. 07 C 6537<br><br>Judge Zagel<br>Magistrate Judge Schenkier |

**MEMORANDUM OF LAW**

Defendant City of Chicago (the "City"), by its attorney Mara S. Georges, Corporation Counsel of the City of Chicago, and through Caffarelli & Siegel Ltd., Special Assistants Corporation Counsel, submits this Memorandum of Law in support of its Motion to Dismiss Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiffs bring this action for declaratory judgment and monetary relief against the City because of the alleged failure to pay overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, to certain managers and administrative employees, which the City allegedly has otherwise classified as exempt. (Compl. at ¶ 7.) Plaintiffs' Complaint should be dismissed in its entirety because the Plaintiffs' allegations fail to state a claim under the new, heightened pleading standards recently set forth by the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), and as expressly adopted and endorsed in the Seventh Circuit by EEOC v. Concentra, 492 F.3d 773 (7th Cir. 2007) and its progeny.

**FACTS**

This is an action on behalf of the named Plaintiffs, a superintendent of traffic services and a supervisor for the City of Chicago's OEMC, respectively. (Compl. ¶¶ 5-6.) Plaintiffs also bring this case as an "opt-in" collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and purport to represent a broad range of OEMC managerial and supervisory employees in job categories other than those held by the two named Plaintiffs. (Compl. ¶ 7.) Such other job categories include project managers, emergency management coordinators, senior emergency management coordinators, managers of emergency management services, and project administrators. Id.

Plaintiffs allege that the City treats employees working in the above job categories as exempt from the overtime requirements of the FLSA, but that the City failed to comply with FLSA requirements in order to preserve that exempt status and therefore "destroyed" the exemption. (Compl. ¶¶ 7, 11.) Plaintiffs allege two separate reasons on which they base their claim that the exemption was destroyed: first, because employees at issue do not perform duties of an exempt nature (Compl. ¶ 13.); and second, based upon the City's alleged "docking" for partial day absences and for disciplinary reasons.

Notwithstanding the above, Plaintiffs do not allege that employees ever had deductions taken from their pay. (Compl. ¶¶ 19, 21, 22.) Although the Complaint states that the City "maintains the right" to dock, it does not allege that the City "maintains the right" to make deductions from employee paychecks. (Compl. ¶¶ 19, 21, 23.) Moreover, Plaintiffs do not identify their primary duties, any of the purportedly non-exempt duties that they perform, or the time spent doing either one. (Compl. ¶ 13.)

**ARGUMENT**

Plaintiffs' Complaint should be dismissed in its entirety because the Plaintiffs' allegations fail to state a claim under the new, heightened pleading standards recently set forth by the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), and as expressly adopted and endorsed in the Seventh Circuit by EEOC v. Concentra, 492 F.3d 773 (7th Cir. 2007) and its progeny.  Plaintiffs have not adequately alleged that their positions are non-exempt under the FLSA or that City "destroyed" the Plaintiffs' exemptions under the FLSA, and therefore have no viable claim for overtime.

**I.    New Motion to Dismiss Standard**

Prior to the seminal 2007 United States Supreme Court decision of Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), a plaintiff pleading bare-boned allegations could survive a motion to dismiss in federal court if a defendant failed to show that it appeared "beyond doubt" that the plaintiff could "prove no set of facts which would entitle him to relief." Id. at 45-46, citing Conley v. Gibson, 355 U.S. 1 (1957).  Twombly changed the federal notice pleading standard, rendering it significantly more difficult for complaints with conclusory and unsubstantiated allegations to pass muster.  Id.  In Twombly, the Supreme Court ruled that a plaintiff must clear two additional hurdles in order to survive a motion to dismiss.  First, the claim must be pleaded in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Id. at 1964 (emphasis added).  Second, the complaint's allegations "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if [it does] not, the plaintiff pleads itself out of court." EEOC v. Concentra, 492 F.3d 773 (7th Cir. 2007), citing Twombly, 127 S.Ct. at 1965.

The Seventh Circuit has agreed that Twombly did, in fact, dramatically change the landscape of notice pleading and was not merely a "reinterpretation" of existing law. In Concentra, the Seventh Circuit remarked that Twombly constituted the "rejection" of the old "prove no set of facts" standard from Conley. Concentra, 492 F.3d at 777. In explicating the exact parameters of the new standard, the Seventh Circuit asserted that the "rules do not require unnecessary detail, but neither do they promote vagueness or reward deliberate obfuscation." Id. at 780. The Seventh Circuit then affirmed the trial court's dismissal of the EEOC's complaint for insufficient pleading. Id. The Seventh Circuit further expanded its analysis of the new Twombly pleading standard in Killingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 618-19 (7th Cir. 2007). The Court underscored Twombly's admonition that "the plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 618, citing Twombly, 127 S.Ct. at 1964-65. The complaint must contain "enough facts to state a claim for relief that is plausible on its face." Id., citing Twombly, 127 S.Ct. at 1974.

## II.    Plaintiffs' Fail to State a Claim upon which Relief can be Granted

The essence of the Complaint's allegations is that Plaintiffs, who are members of otherwise exempt job categories such as managers and supervisors, are not in fact exempt because (A) the city purportedly "docked" them and (B) they perform "non-exempt duties." For the reasons discussed below, Plaintiffs' allegations are insufficient to state a claim that the City destroyed their otherwise exempt status under the FLSA.

### A.    An allegation of "docking" alone is insufficient to destroy the exemption.

The numerous allegations in the Complaint that employees were "docked," in the absence of any allegations that deductions were ever taken from Plaintiffs' pay, do not state a cause of

4

action as a matter of law.  (Compl. ¶¶ 19, 21, 22.)   By the very wording of the Complaint, Plaintiffs have demonstrated their knowledge that there must be a <u>deduction from pay</u> for an otherwise exempt employee to be rendered non-exempt.  (Compl. ¶ 18.)  Tellingly, the Plaintiffs do not allege even once throughout the entire Complaint that deductions were taken from their pay – rather, they allege repeatedly that they were "docked."  Likewise, the Complaint fails to allege that the thing "docked" was pay or some other employee benefit.

      The difference in an FLSA case between alleging a "deduction in pay" and alleging that one was "docked" is more than merely semantic.  As discussed above, the new pleading standard requires that a plaintiff must raise the possibility of relief beyond a speculative level.  Even taking all of the allegations in the Complaint as true, and based upon the dearth of pleading as to how exactly the Plaintiffs may have been injured, one may speculate that what was "docked" may have been vacation time or some other non-monetary benefit.  This distinction is relevant and material, because one action may (under most circumstances) have the effect of destroying an FLSA exemption, while the other one, standing alone, would not.

      While monetary deductions are not permissible for partial-day absences, "numerous courts have found that employers may make deductions from something other than employees' base pay without destroying those exemptions."  <u>See, e.g.</u>, <u>Baudin v. Courtesy Litho Arts, Inc.</u>, 24 F.Supp.2d 887, 891 (N.D. Ill. 1998) (Shadur, J.), <u>citing</u> <u>Hoffmann v. Sbarro, Inc.</u>, 982 F.Supp. 249, 259 (S.D.N.Y. 1997).  In other words, by not specifying whether "docking" refers to deductions of pay or some other action, Plaintiffs have not left the City with any way to ascertain the nature of their claims or whether those claims are even valid.

      Moreover, as discussed above, the new federal pleading rules do not "promote vagueness" or "reward deliberate obfuscation."  <u>Concentra</u>, 492 F.3d at 780.  Based upon

5

Plaintiffs' demonstrated awareness from the face of their Complaint that only deductions in pay would suffice to destroy an exemption under the FLSA, one may infer that Plaintiffs' use of the word "dock" – as oppose to specifying that deductions were ever taken from their pay – was meant to obfuscate.  Plaintiffs' vagueness as to how they actually may have been injured does not promote the letter or spirit of Twombly and its progeny and should not be rewarded.  For the above compelling reasons, Plaintiffs' allegations that the City purportedly destroyed their exemptions by "docking" them in some unknown manner should be dismissed.

Finally, plaintiffs allege that they should not have been docked because they allegedly did not commit "infractions involv[ing] safety rules of major significance." (Compl. ¶ 21.)  These allegations are also insufficient because, as discussed above, the bare allegation of docking is insufficient to state a cause of action.  But, furthermore, without identifying any of the alleged safety violations for which the Plaintiffs were actually "docked" and without making any allegations as to why the infractions purportedly were insignificant, the City does not have any adequate means of investigating or responding to these allegations.  The Complaint is likewise unclear as to whether Plaintiffs concede that they committed minor infractions, and that such infractions do not involve safety rules of major significant, or whether Plaintiffs allege that they never committed infractions at all.  For this additional reason, the Complaint does not raise Plaintiffs' right to relief for the alleged disciplinary docking above a speculative level.

      B.      <u>The bare allegation that Plaintiffs did not perform "exempt" duties, without more, is insufficiently conclusory</u>.

Plaintiffs' Complaint further alleges they should be paid overtime because they did not perform job duties "consistent" with the exemptions to the FLSA.  As discussed above, the two named Plaintiffs purport to bring claims on behalf of employees in no fewer than seven job categories, including "superintendent of special traffic services, supervisor, project manager,

6

emergency management coordinator, senior emergency management coordinator, manager of emergency management services, [and] project administrator." (Compl. ¶ 7.) However, the only allegation in the Complaint regarding the purportedly non-exempt nature of the employees' work is that "Plaintiffs employed by the OEMC do not perform duties consistent with employment in a bona fide executive, administrative, or professional capacity." (Compl. ¶ 13.)

As with partial-day docking, the performance of non-exempt duties alone does not necessarily destroy an otherwise valid exemption. In fact, exempt employees may perform a significant amount of work that is not considered exempt without the employer losing the FLSA exemption. See 29 C.F.R. § 541.700 (explaining "primary duty" test). The Complaint fails to allege even a single job duty which they claim is not consistent with the FLSA's exemptions, the time spent doing any of those duties, or whether the duties were primary or secondary to the employee's job category. Even based upon the old pleading standard, let alone the new, heightened pleading standard, this allegation is insufficient. In the absence of even the slightest indication of which job duties purportedly did not meet the job duties tests of any of the FLSA's "white collar" exemptions and the time allegedly spent doing them, it is not possible for the City to practically investigate and respond to such claims.

Pursuant to 2007 interpretations of Twombly by the Seventh Circuit, a plaintiff must plead more than mere "labels and conclusions" to survive a motion to dismiss. Killingsworth, 507 F.3d at 618. Likewise, "formulaic recitations" of the elements of a cause of action are insufficient. Id. Plaintiffs' bared-boned allegation that they did not perform job duties "consistent" with any of the "white-collar" exemptions to the FLSA is nothing more than a legal conclusion – exactly the type of "label and conclusion" the Seventh Circuit described as insufficient. By its very nature, this allegation makes the legal conclusion that the myriad job

7

duties performed by the employees meet the FLSA's extensive legal tests concerning whether a particular job duty is work of an "exempt" nature. Particularly in light of the collective nature of the Complaint, which purports to cover employees in seven different job categories, such "formulaic recitations" of one of the FLSA's requirements for exemption are insufficient.

## CONCLUSION

For the above compelling reasons, all of the Complaint's allegations stating how Plaintiffs purport to be injured do not state a claim upon which relief can be granted. First, Plaintiffs have not alleged that the City destroyed their exempt status by taking deductions from their paychecks for partial-day absences or for disciplinary reasons – rather, they allege only that they were "docked" and do not identify what was "docked." Second, Plaintiffs' allegation that all of the employees in the enumerated job categories did not perform work "consistent" with the FLSA's exemptions is a mere legal conclusion. As such, because Plaintiffs have not sufficiently alleged that the City rendered them non-exempt, they do not have any viable claim for the payment of overtime and their Complaint should be dismissed in its entirety with prejudice.

    Respectfully Submitted,

    MARA S. GEORGES
    Corporation Counsel City of Chicago

By:   /s   Alejandro Caffarelli
       ALEJANDRO CAFFARELLI
       Special Assistants Corporation Counsel

180 N. Stetson Avenue, Suite 3150
Chicago, IL 60601
(312) 540-1230