# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM CONROY and NAUREEN COONEY, individually, and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 07 C 6537<br>)<br>) Judge Zagel |
| CITY OF CHICAGO, a municipal corporation, | ) Magistrate Judge Schenkier<br>)<br>) |
| Defendant. | ) |

## NOTICE OF FILING

To:  Mary Ann Pohl                    Paul D. Geiger
     Mary Ann Pohl, P.C.              Law Offices of Paul D. Geiger
     77 W. Washington, Ste. 1507      1412 W. Washington Blvd.
     Chicago, IL 60602                Chicago, IL 60607

**PLEASE TAKE NOTICE** that filed today with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Defendant City of Chicago's **Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint,** a copy of which is hereby served upon you.

**DATED** at Chicago, Illinois on this 2nd day of April, 2008.

Alejandro Caffarelli                         Respectfully submitted,
Jessica Fayerman
Lorraine T. Peeters                          MARA S. GEORGES
Caffarelli & Siegel Ltd.                     Corporation Counsel of the City of Chicago
Two Prudential Plaza
180 North Stetson Ste. 3150
Chicago, IL  60601                           By:  /s/ Alejandro Caffarelli
Tel. (312) 540-1230                               Special Assistants Corporation Counsel
Fax (312) 540-1231

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM CONROY and NAUREEN COONEY, individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | Case No. 07 C 6537 |
| v. | ) ) | |
| | ) | Judge Zagel |
| CITY OF CHICAGO, a municipal corporation, | ) ) ) | Magistrate Judge Schenkier |
| | ) | |
| Defendant. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant, City of Chicago, by its attorney Mara S. Georges, Corporation Counsel of the City of Chicago, through Caffarelli & Siegel Ltd., Special Assistants Corporation Counsel, answers and states affirmative defenses to Plaintiffs' First Amended Complaint as follows:

**1.     This is an action for declaratory judgment for violation of Plaintiffs' rights under the Fair Labor Standards Act, 29 U.S.C. §201, *et.*(sic) *seq.*, brought on behalf of all employees of the City of Chicago Office of Emergency Management and Communications ("OEMC") who hold positions that are not exempt from the overtime provisions of the Fair Labor Standards Act, yet have not been paid at overtime rates for hours worked in excess of 40 hours per week.**

**ANSWER:**     Defendant admits that Plaintiffs purport to bring an action under the Fair Labor Standards Act. Defendant denies the remaining allegations in Paragraph 1.

**2.     Plaintiffs seek declaratory judgment, recovery of monetary damages for unpaid overtime compensation, an additional equal amount as liquidated damages, and payment of reasonable costs and attorney's fees under 29 U.S.C. § 216(b).**

**ANSWER:**     Defendant admits that Plaintiffs purport to seek certain remedies pursuant to 29 U.S.C. § 216(b), but denies that Plaintiffs are entitled to any relief whatsoever.

**3**.     **Jurisdiction of this matter is conferred upon this Court by 29 U.S.C. §1331.**

**ANSWER:**   Defendant admits the allegations in Paragraph 3.

**4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as Plaintiffs' claims arose and Defendant has its principal place of business within the geographical boundaries of this Court.**

**ANSWER:**   Defendant admits that venue is proper in this Court and that Defendant has its principal place of business within the geographical boundaries of this Court. Defendant denies that Plaintiffs have any "claims" and thus denies any remaining allegations in Paragraph 4.

**5.     Plaintiff William Conroy is an employee of the OEMC who holds the position of superintendent of special traffic services.**

**ANSWER:**   Defendant admits the allegations in Paragraph 5.

**6.     Plaintiff Naureen Cooney is an employee of the OEMC who holds the position of supervisor.**

**ANSWER:**   Defendant admits that Ms. Cooney is an employee of the OEMC, that she is a supervisor, and further states that her position is entitled "Supervising Traffic Control Aide."

**7.     Plaintiffs Conroy and Cooney bring this action both individually and on behalf of all employees of the OEMC from November 2004 to the present who have been employed in positions that are not exempt from the overtime provisions of the Fair Labor Standards Act, yet have not been paid at overtime rates for all hours worked in excess of 40 hours per week, including, but not limited to, all employees of the OEMC who have been employed as: superintendent of special traffic services, supervisor, project manager, emergency management coordinator, senior emergency management coordinator, manager of emergency management services, or project administrator ("Plaintiffs").**

**ANSWER:**   Defendant admits that Plaintiffs Conroy and Cooney purport to bring this action on behalf of themselves and on behalf of employees in the job categories identified in Paragraph 7. Defendant denies the remaining allegations in Paragraph 7.

**8.     Defendant City of Chicago is an "employer" as defined in 29 U.S.C. §203(d) and is a "public agency" within the meaning of 29 U.S.C. §203(x).**

**ANSWER:**   Defendant admits the allegations in Paragraph 8.

**9.     Attached hereto as Exhibit A are the consent forms of William Conroy and Naureen Cooney, consenting in writing to become parties to this action.**

**ANSWER:**    Defendant admits that attached to the First Amended Complaint as Exhibit A are documents purporting to be the consent forms of William Conroy and Naureen Cooney consenting in writing to become parties to this action.

**10.    At all times relevant hereto, Plaintiffs, as employees of the OEMC, have been entitled to the rights, protections and benefits provided under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, *et seq*. ("FLSA").**

**ANSWER:**    Defendant denies the allegations in Paragraph 10 and further states that Plaintiffs Conroy and Cooney are exempt from the overtime and minimum wage requirements of the FLSA.  Defendant is without sufficient information or knowledge to form a belief as to the rights, protections and benefits under the FLSA of the "opt-in" class members since they have yet to be identified.  Defendant denies the remaining allegations in Paragraph 10.

**11.    Defendant, City of Chicago ("City") treats all Plaintiffs as exempt from the time-and-one-half overtime provisions of the FLSA, as provided under 29 U.S.C. §213(a)(1).**

**ANSWER:**    Defendant admits that it treats Plaintiffs Conroy and Cooney as exempt from the time-and-one-half overtime provisions of the FLSA.  Defendant is without sufficient information or knowledge to form a belief as to how it treats the purported "opt-in" class members since they have yet to be identified.  Defendant denies the remaining allegations in Paragraph 11.

**12.    However, in order to be classified as exempt under the FLSA, an employee must be "employed in a bona fide executive, administrative or professional capacity."** *Id.*

**ANSWER:**    Defendant admits that there are FLSA exemptions for, among others, employees who are "employed in a bona fide executive, administrative or professional capacity." Defendant denies the remaining allegations in Paragraph 12.

**13.    Plaintiffs employed by the OEMC do not perform duties consistent with employment in a bona fide executive, administrative or professional capacity.  That is, their**

4

**primary duties do not involve matters directly related to management policies or general business operations and do not require the exercise of discretion and independent judgment with respect to matters of substantial importance to OEMC operations.**

**ANSWER:** Defendant denies the allegations in Paragraph 13 with regard to Plaintiffs Conroy and Cooney. Defendant is without sufficient information or knowledge to form a belief as to "opt-in" class members since they have yet to be identified. Defendant denies the remaining allegations in Paragraph 13.

**14. Plaintiffs have no authority or power to make independent choices, free from immediate direction or supervision, with respect to matters of substantial importance to OEMC operations.**

**ANSWER:** Defendant denies the allegations in Paragraph 14 with regard to Plaintiffs Conroy and Cooney. Defendant is without sufficient information or knowledge to form a belief as to "opt-in" class members since they have yet to be identified. Defendant denies the remaining allegations in Paragraph 14.

**15. Plaintiffs have no authority to hire or fire other employees and their suggestions as to which employees should be hired, fired, or promoted are not given any weight.**

**ANSWER:** Defendant denies the allegations in Paragraph 15 with regard to Plaintiffs Conroy and Cooney. Defendant is without sufficient information or knowledge to form a belief as to "opt-in" class members since they have yet to be identified. Defendant denies the remaining allegations in Paragraph 15.

**16. It is not part of the Plaintiffs' job duties to give suggestions and recommendations as to subordinate employees' status.**

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 16 on the basis that the word "status," as used in such paragraph, is not defined, vague, and ambiguous.

**17**.   **Plaintiffs' primary duties consist of ensuring that subordinate employees are actually at work and carrying out their job responsibilities, as set by OEMC policies and practices.**

**ANSWER:**   Defendant denies the allegations in Paragraph 17.

**18**.   **Moreover, Plaintiffs spend over half of each workday out of the office and in the field performing their duties and do not exercise discretion or independent judgment, but instead serve as monitors for subordinate employees.**

**ANSWER:**   Defendant denies the allegations in Paragraph 18.

**19**.   **Therefore, Plaintiffs are non-exempt under the FLSA and, as such, they are entitled to overtime pay as prescribed by the FLSA.**

**ANSWER:**   Defendant denies the allegations in Paragraph 19.

**20**.   **In addition, Department of Labor regulations provide that in order to be classified as exempt under this provision, an employee also must be paid on a "salary basis." 29 C.F.R. §541.602.**

**ANSWER:**   Defendant admits that 29 C.F.R. §541.602 defines the "salary basis" test.

Defendant denies the remaining allegations in Paragraph 20.

**21**.   **An employee is considered to be paid on a salary basis under the regulations if "under his employment agreement he regularly receives each pay period on a weekly or less frequent basis a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. §541.602(a).**

**ANSWER:**   Defendant admits the allegations in Paragraph 21.

**22**.   **The salary basis test holds, among other things, that, subject to certain exceptions, "an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of hours or days worked."** *Id.*

**ANSWER:**   Defendant admits the allegations in Paragraph 22.

**23**.   **"Deductions from pay may be made when an exempt employee is absent from work for one or more full days for personal reasons, other than sickness or disability. . . . However, if an exempt employee is absent for one and a half days for personal reasons, the employer can deduct only for the one full-day absence." 29 C.F.R. §541.602(b)(1).**

**ANSWER:**   Defendant admits the allegations in Paragraph 23.

6

**24.    Plaintiffs herein are not paid on a salary basis because, as a matter of official policy and practice, the City maintains the right to dock their pay, and does dock their pay, for less than a full-day absence from work.**

**ANSWER**:    Defendant denies the allegations in Paragraph 24.

**25**.    **Furthermore, pay of exempt employees may not be reduced absent "infractions of safety rules of major significance. Safety rules of major significance include those relating to the prevention of serious danger in the workplace or to other employees, such as rules prohibiting smoking in explosive plants, oil refineries and coal mines." 29 C.F.R. §541.602(b)(4).**

**ANSWER**:    Defendant admits that pursuant to 29 C.F.R. §541.602(b)(4), "[d]eductions from pay of exempt employees may be made for penalties imposed in good faith for infractions of safety rules of major significance." Defendant denies the remaining allegations in Paragraph 25.

**26**.    **Plaintiffs herein are not paid on a salary basis because, as a matter of official policy and practice, the City maintains the right to dock their pay, and does dock their pay, for alleged infractions of rules that are not safety rules of major significance, including, but not limited to, alleged tardiness, alleged discourteous treatment of other City employees or members of the public, and alleged violations of departmental regulations, rules or procedures, such as failure to work mandatory overtime hours, for which Plaintiffs are not compensated.**

**ANSWER**:    Defendant denies the allegations in Paragraph 26.

**27**.    **As recently as February 16, 2008, an OEMC Supervisor's pay was docked for less than a full day of absence from work for tardiness.**

**ANSWER**:    Defendant denies the allegations in Paragraph 27.

**28**.    **These alleged infractions do not involve safety rules of major significance, and yet the City of Chicago docks Plaintiffs' pay for such alleged incidents.**

**ANSWER**:    Defendant denies the allegations in Paragraph 28.

**29.    Under the FLSA, the City's system of docking Plaintiffs' pay for less than a full-day absence and for alleged infractions of rules that are not safety rules of major significance defeats the salary basis test not only for any Plaintiffs whose pay is docked, but also for all Plaintiffs who are subject to such docking of their pay.**

**ANSWER**:    Defendant denies the allegations in Paragraph 29.

**30**.     **As a matter of official policy and practice, the City willfully refuses to compensate Plaintiffs for any time worked in excess of 40 hours per week.**

**ANSWER:**     Defendant admits that employees in the specified job categories, which are exempt under the FLSA, have not been paid for hours worked in excess of forty per week. Defendant denies the remaining allegations in Paragraph 30. Defendant further states that it has made a good faith effort to comply with applicable provisions of the FLSA and Department of Labor regulations.

**31**.     **The City's pay policies and practices regarding Plaintiffs violate 29 U.S.C. §207(a) to the extent that Plaintiffs do not receive time-and-one-half overtime payments for all hours worked in excess of 40 hours per week.**

**ANSWER:**     Defendant denies the allegations in Paragraph 31.

**32**.     **Defendant City knew of the provisions of the FLSA and demonstrated a reckless and willful disregard for said provisions by failing to pay overtime wages to Plaintiffs during their employment with the Defendant.**

**ANSWER:**     Defendant admits that it has knowledge of the FLSA. Defendant denies the remaining allegations in Paragraph 32. Defendant further states that it has made a good faith effort to comply with applicable provisions of the FLSA and Department of Labor regulations.

**33**.     **As a result of said violations of the FLSA by the Defendant, there is now a sum due and owing Plaintiffs.**

**ANSWER:**     Defendant denies that it violated the FLSA. Defendant denies that Plaintiffs are entitled to any relief. Defendant denies the remaining allegations in Paragraph 33.

**34**.     **Records concerning the number of hours worked in excess of 40 hours per week by the Plaintiffs are in the exclusive possession and under the sole custody and control of the Defendant.**

**ANSWER:**     Defendant admits that it possesses records regarding the number of hours worked by the Plaintiffs. Defendant denies the remaining allegations in Paragraph 34.

**35**.     **Therefore, Plaintiffs are unable to state at this time the exact amount owing to each Plaintiff.**

**ANSWER:**     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 35 with regard to what Plaintiffs are able or unable to state at this time.

**36**.     **It is necessary for Plaintiffs to have the services of an attorney to institute and prosecute this action against Defendant, City.**

**ANSWER:**     Defendant denies the allegations in Paragraph 36.

**WHEREFORE, Plaintiffs WILLIAM CONROY and NAUREEN COONEY, individually, and on behalf of all others similarly situated, respectfully request that this Honorable Court:**
   **a)    Enter a declaratory judgment declaring that Defendant City of Chicago has willfully and wrongfully violated Defendant's statutory obligations, and deprived Plaintiffs of their rights, protections and entitlements under the Fair Labor Standards Act;**
   **b)    Order a complete and accurate accounting of all the compensation to which Plaintiffs are entitled;**
   **c)    Award each Plaintiff monetary damages in the form of overtime compensation at time-and-one-half for all hours worked over 40 hours per week from November 2004 to the present, and liquidated damages equal to their unpaid overtime compensation, plus interest;**
   **d)    Award Plaintiffs their reasonable attorney's fees and costs as provided in 29 U.S.C. §216(b); and**
   **e)    Grant such further relief as the Court deems just and proper.**

**ANSWER:**     Defendant denies that it violated the FLSA.  Defendant denies that Plaintiffs are entitled to the relief they seek in their prayer for relief.

## **AFFIRMATIVE DEFENSES**

1.     Plaintiffs in the named job categories are exempt pursuant to the executive and administrative exemptions of the FLSA, 29 U.S.C. §213(a)(1).

2.     Defendant is a public sector employer, and partial day pay docking is permitted in the public sector for otherwise exempt employees.

> An employee of a public agency who otherwise meets the salary basis requirements . . . shall not be disqualified from exemption . . . on the basis that such employee is paid according to a pay system . . . or by a policy or practice established pursuant to principles of public accountability . . . which requires the

9

> public agency employee's pay to be reduced . . . for absences for personal reasons or because of illness or injury of less than one work-day . . . .

29 C.F.R. §541.710(a). The Seventh Circuit has held that partial-day docking for absences does not necessarily destroy the otherwise exempt status of public employees. See Demos v. City of Indianapolis, 302 F.3d 698, 702 (7th Cir. 2002).

      3.     Because the Defendant is a public employer, the ability or authority of the Plaintiffs to participate in or decide upon the hiring, promotion, or termination of employees is not relevant and of no weight for purposes of assessing whether the Plaintiffs are exempt pursuant to the FLSA executive or other exemptions.

      4.     Since the duties and responsibilities of the Emergency Services Department are inherently and inextricably linked to public safety, any absence or tardiness of OEMC employees, in particular the supervisory employees identified in the First Amended Complaint, *per se* constitutes an infraction of a safety rule of major significance.

      5.     Plaintiffs have unclean hands to the extent that they encouraged and participated in the alleged pay docking.

      6.     To the extent any of the Plaintiffs were subject to a collective bargaining agreement or the Plaintiffs' positions were a subject of collective bargaining during the relevant period, Plaintiffs' claims are governed by or preempted by the National Labor Relations Act.

      7.     To the extent any of the Plaintiffs were subject to a collective bargaining agreement during the relevant period, Plaintiffs have failed to exhaust administrative remedies.

      8.     Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted. Specifically, Plaintiffs have failed to establish or specifically allege that they have sustained actual damages as a result of any alleged violation on the part of the Defendant;

Plaintiffs have failed to assert or provide evidence that they worked over forty hours in one work week, and were subsequently denied overtime payment to which they were entitled.

9. Plaintiffs have failed to allege or establish that they are entitled to the three-year statute of limitations or liquidated damages requirements of the FLSA insofar as Defendant City has not willfully violated the applicable provisions of the FLSA.  The City has at all times acted reasonably and under a good faith belief that is has been in compliance with the FLSA.

| | |
|---|---|
| Alejandro Caffarelli | Respectfully submitted, |
| Jessica Fayerman | |
| Lorraine T. Peeters | MARA S. GEORGES |
| Caffarelli & Siegel Ltd. | Corporation Counsel of the City of Chicago |
| Two Prudential Plaza | |
| 180 North Stetson Ste. 3150 | |
| Chicago, IL  60601 | By:  /s/ Alejandro Caffarelli |
| Tel. (312) 540-1230 | Special Assistants Corporation Counsel |
| Fax (312) 540-1231 | |

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney, hereby certifies that a copy of the attached, **Defendant's Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint**, was served upon the parties below by electronically filing with the Clerk of the U.S. District Court of the Northern District of Illinois on April 02, 2008.

Mary Ann Pohl, Esq.
Mary Ann Pohl, P.C.
77 W. Washington, Ste. 1507
Chicago, IL 60602

Paul D. Geiger, Esq.
Law Offices of Paul D. Geiger
1412 W. Washington Blvd.
Chicago, IL 60607

                                                              /s/ Alejandro Caffarelli
                                                              Alejandro Caffarelli
                                                              Caffarelli & Siegel Ltd.
                                                              Two Prudential Plaza
                                                              180 N. Stetson, Suite 3150
                                                              Chicago, IL 60601